UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONTE HENDERSON,
    Plaintiff,

vs.                                09-1223

MICHAEL EATON, et. al.,
    Defendants.

MERIT REVIEW ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The pro se plaintiff has filed his complaint pursuant to 42 U.S.C.§1983 against three correctional officers from the Pontiac Correctional Center: Michael Eaton, John Zook and Bruce Brand.

    The plaintiff states that on January 29, 2008, he had just returned from Internal Affairs when Defendant Brand came to his cell and threatened him with "the game." (Comp, p. 3) The plaintiff says Brand then began to retaliate against him.

    On February 26, 2008, the plaintiff says water flooded several cells. The plaintiff says when Defendant Brand took him from his cell he used excessive force against him. The plaintiff further claims that Officer Zook and Eaton watched the assault, but took no action. The plaintiff says Officer Brand then lied claiming the plaintiff had actually assaulted the officer. Defendant Brand then wrote a disciplinary report against the plaintiff. The plaintiff further alleges that all three defendants lied during the disciplinary hearing and during criminal proceedings based on the incident.

    The court notes that the plaintiff has attached hundreds of pages of documents to his complaint including the initial incident reports and the investigative report and interviews. In addition, the plaintiff has attached the Adjustment Committee Report showing that the plaintiff was found guilty of disobeying a direct order and assaulting staff. The plaintiff lost one year of good time credits. Defendant Brand says he was attempting to handcuff the plaintiff so he could clean the plaintiff's cell. However, the plaintiff refused his repeated direct orders. Defendant Brand then says he called Sergeant Eaton who also ordered the plaintiff to cuff up and the plaintiff complied. When Decedent Brand started to escort the plaintiff out of the cell, the

1

officers claim he turned and kicked Defendant Brand in the leg, causing both to fall to the floor.

The plaintiff was also charged with the criminal offense of Aggravated Battery. The plaintiff has attached the entire transcript of his jury trial demonstrating that he was found not guilty.

Based on these events, the plaintiff has divided his complaint into seven counts:

COUNT I: Eighth Amendment Cruel and Unusual Punishment: The plaintiff says the defendants "sadistically and maliciously lied" concerning the disciplinary report, the resulting investigation and criminal trial. (Comp, p. 5). The court notes that lying during a disciplinary procedure or criminal trial is not "cruel and unusual punishment" within the context of the Eighth Amendment. The court will assume the pro se plaintiff was attempting to claim the defendants violated his due process rights.
COUNT II: Malicious Prosecution: The plaintiff says the defendants initiated a criminal proceeding against him based on lies. The plaintiff says he was found not guilty during a jury trial. The court notes that malicious prosecution is a state law claim.
COUNT III: Retaliation. The plaintiff says Defendant Brand retaliated against him because he filed numerous grievances against him. The plaintiff says Brand harassed him, called him names, assaulted him, filed false disciplinary reports and lied during the criminal trial.
COUNT IV: Failure to Protect and Conspiracy. The plaintiff says Defendants Zook and Eaton failed to take any action when they saw Defendant Brand use excessive force against the plaintiff. The officers then lied about the event.
COUNT V; Excessive Force. The plaintiff says Defendant Brand used excessive force on February 26, 2008, when he removed the plaintiff from his cell.
COUNT VI: Battery. The plaintiff says Defendant Brand also committed the state law offense of Battery.
COUNT VII: Perjury: The plaintiff says each defendant perjured himself during the criminal trial.

The court notes that the plaintiff does not allege that the finding in the disciplinary hearing was thrown out. Even though the plaintiff was found not guilty of the criminal charge of Aggravated Battery, it does not mean the plaintiff did not commit the acts he is accused of doing in the disciplinary report. Rather, it means the state "did not prove its case against the Plaintiff in the criminal matter beyond a reasonable doubt. Under some lesser standard of proof, such as that which may obtain in prison disciplinary proceedings, it may well be that Plaintiff could legitimately be found guilty of the disciplinary charges." *Israel v. Superintendent of S.C.I. Fayette,* 2009 WL 693248 at 6, FN 3 (W.D.Pa. March 13, 2009).

Because the plaintiff lost good time credits as a result of the disciplinary hearing, the punishment impacted the duration of his sentence. If this court were to rule in the plaintiff's favor and find that the disciplinary hearing was motivated by retaliation or was based on lies, that finding would invalidate the results of the disciplinary hearing. Therefore, the plaintiff's claim is time barred until he can demonstrate that the results of disciplinary hearing were

overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *McKenzie v. Woodford*, 2006 WL 1686604 p. 5 (E.D.Cal. June19, 2006) The court also notes that if the plaintiff's good time credits were restored, his claim that he was deprived of due process or a liberty interest would fail as a matter of law. *McKenzie v. Woodford*, 2006 WL 1686604, p. 5 FN 1.(E.D.Cal. June19, 2006).

Therefore, the plaintiff's claims that Defendant Brand used excessive force, Defendants Zook and Eaton failed to protect the plaintiff, Defendant Brand retaliated against him, the defendants conspired against him or violated his Due Process rights all involve the plaintiff's disciplinary report as well as the eventual criminal trial and cannot be considered by the court. The court also notes that the plaintiff cannot pursue his perjury claim against the defendants based on their testimony during the trial. *Briscoe v LaHue,* 460 U.S. 325, 326-346 (1983)(plaintiff's allegation that a police officer provided false testimony at a jury trial did not give rise to a §1983 claim); *see also Cole v. Fischer,* 2009 WL 130186 at 3 (S.D.N.Y Jan. 15, 2009)(false testimony in a disciplinary hearing alone does not state a constitutional violation).

Since the plaintiff has no surviving federal claims, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims of battery and malicious prosecution. *See* 28 U.S.C. §1367(c); *See also City of Chicago v. Intern. College of Surgeons,* 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (noting presumption against retention of supplemental state law claims).

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim. The plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) The case is terminated without prejudice. The pending motions are denied as moot. [d/e 3, 4]**

**2) The court declines to exercise supplemental jurisdiction over the plaintiff's Battery and Malicious Prosecution claims. *See* 28 U.S.C. §1367(c).**

**3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 22nd day of March, 2010..

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE