UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONTE HENDERSON,
        Plaintiff,

        vs.                                                    09-1223

MICHAEL EATON, et. al.,
        Defendants.


CASE MANAGEMENT ORDER


        This cause is before the court for consideration of the Plaintiff's motions for
reconsideration of the Court's March 22, 2010 Court Order dismissing the Plaintiff's complaint for
failure to state a claim upon which relief could be granted. [14, 15 ]   A post-judgment motion
seeking substantive relief from that judgment must be made pursuant to either Rule 59 or Rule
60(b) of the Federal Rules of Civil Procedure.   Rule 59(e) motions to alter or amend the judgment
must be filed within ten business days of the entry of judgment.  *Hope v. United States*, 43 F.3d
1140, 1143 (7th Cir. 1994), *cert. denied*, 115 S.Ct. 2558 (1995).   The Plaintiff did not provide his
motion to prison officials within this time frame.   Therefore, the court will consider this a motion
pursuant to Rule 60 of the Federal Rules of Civil Procedure.

        A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to
seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly
discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*,
15 F.3d 726, 728 (7th Cir. 1994).   Such relief is warranted "only upon a showing of extraordinary
circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles
v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

        The pro se Plaintiff had filed his complaint pursuant to 42 U.S.C.§1983 against three
correctional officers from the Pontiac Correctional Center: Michael Eaton, John Zook and Bruce
Brand.   The Plaintiff said on February 26, 2008, Defendant Brand used excessive force when he
took him from his cell and Defendants Zook and Eaton did nothing to protect the Plaintiff.   The
Plaintiff then alleged that Officer Brand lied claiming it was actually the Plaintiff who had
assaulted the officer.   The Plaintiff further alleged that the Defendants lied during the disciplinary
hearing and during criminal proceedings based on the incident.   The Plaintiff was disciplined as a
result of the incident, but was found not guilty at the conclusion of the criminal trial.   Based on
these events, the Plaintiff alleged seven different counts in his complaint.  The court found that the
Plaintiff had failed to state a claim upon which relief could be granted. March 22, 2010 Merit
Review Order.

        In his motion for reconsideration, the Plaintiff first says the Defendants actions were "cruel
and unusual punishment." (Plain. Memo, p. 3) In the seven counts of the Plaintiff's complaint, only
the first count made this reference.  The Plaintiff stated in Count I that the Defendants "used cruel

and unusual punishment by sadistically and maliciously lying on disciplinary and incident reports."
(Comp., p. 5) The Plaintiff also said the Defendants provided false information to the states
attorney and during his criminal trial. The court noted that lying during a disciplinary procedure or
criminal trial was not "cruel and unusual punishment" within the context of the Eighth Amendment
and the Plaintiff had failed to state a due process violation. In his motion for reconsideration, the
Plaintiff now alleges that the Defendants were attempting to retaliate against him for his previous
grievances by bringing the criminal proceedings against him.

The only retaliation claim in the Plaintiff's complaint was Count III which alleged that
Defendant Brand retaliated against the Plaintiff : harassed him, called him names, assaulting him,
filing false disciplinary reports and providing false statements during the criminal trial. The verbal
comments did not rise to the level of a constitutional violation, and the Plaintiff could not pursue
his perjury claim against the Defendant based on testimony during the trial. *Briscoe v LaHue,* 460
U.S. 325, 326-346 (1983)(plaintiff's allegation that a police officer provided false testimony at a
jury trial did not give rise to a §1983 claim); *see also Cole v. Fischer,* 2009 WL 130186 at 3
(S.D.N.Y Jan. 15, 2009)(false testimony in a disciplinary hearing alone does not state a
constitutional violation).

The Plaintiff did not clearly state in Count III that the criminal proceedings were the result
of a retaliatory act. In addition, correctional officers could not make the ultimate decision of
whether an individual is charged criminally. However, the Plaintiff is proceeding pro se and taking
his complaint in its entirety, it is possible the Plaintiff was attempting to allege that the Defendants
violated his First Amendment rights based on a "successful retaliatory inducement to prosecute."
*Hartman v Moore,* 547 U.S. 250, 262 (2006). To succeed on this claim, a Plaintiff "must show
that the nonprosecutring official acted in retaliation, and must also show that [the official] induced
the prosecutor to bring charges that would not have been initiated without his urging." *Id.* The
Plaintiff must also plead and prove, as an element of his case, that there existed no probable cause to
support the underlying charge. *Id.* at 265-6. While not artfully plead in his original complaint, it is
possible the Plaintiff could have clarified this claim if given the chance to file an amended
complaint. Therefore, the court will grant the Plaintiff's motion for reconsideration on this claim.

The court noted in its merit review order that many of the Plaintiff's claims involving the
February 26, 2008 disciplinary report were barred by *Heck v. Humphrey,* 512 U.S. 477, 486-487
(1994); *see also Edwards v. Balisok,* 520 U.S. 641 (1997); *McKenzie v. Woodford,* 2006 WL
1686604 p. 5. (E.D.Cal. June19, 2006). In his motion, the Plaintiff now claims that he did not lose
any good time credits. However, the Plaintiff attached the March 10, 2008 Adjustment Committee
Report which clearly shows the Plaintiff lost one year of good time credits. (Comp, p. 18)

The Plaintiff also claims the excessive force used by the Defendants happened before the
fabricated events in the Defendants' disciplinary ticket, and therefore considering his claim would
not bring the disciplinary ticket into question. The Plaintiff's complaint alleges that when Officer
Brand told him to cuff up, he grabbed his hand and "scratched and scarred" his wrist against the
chuck hole door." (Comp., p. 3). The Plaintiff says the officer then called for back up and claimed
the Plaintiff had assaulted him. (Comp., p. 3) The Plaintiff alleges that when the other officers
arrived, he was slammed to the floor and punched. (Comp., p. 4) Officer Brand's disciplinary report,

which was attached to the complaint, tells a completely different version of events.  The Officer says the Plaintiff refused several orders to cuff up.  When he finally did get handcuffs on the Plaintiff, the Plaintiff kicked him in the leg and in his attempt to restrain him, the Plaintiff and two officers fell to the floor injuring the Officer Brand.   In the Adjustment Committee Final Report, also attached to the complaint, the Plaintiff claimed he never assaulted the officer.   The Plaintiff claims the disciplinary report was written to cover up the Defendants' actions.   The court could only find the actions of the Defendants were unlawful if it also found that the decision in the disciplinary case was invalid and based on improper motivations.  The Plaintiff's claims are barred by *Heck.*

The Plaintiff's first motion pursuant to Rule 60(b) is granted in part and denied in part.  The Plaintiff has adequately alleged that the Defendants retaliated against him in violation of his First Amendment rights based on retaliatory prosecution.  The Plaintiff's second motion arguing that *Heck* does not apply to his case is denied. [d/e 15]

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion for reconsideration of the Court's March 22, 2010 Court Order dismissing the Plaintiff's complaint is granted in part and denied in part. [14]**

**2) The Plaintiff's second motion for reconsideration and motion for a ruling on his motions are  denied. [d/e 15, 17]**

**3) The clerk of the court is directed to reopen this case against the three named defendants.   The Plaintiff has one claim that Defendants Michael Eaton, John Zook and Bruce Brand retaliated against him in violation of his First Amendment rights based on the Plaintiff's claim of retaliatory prosecution.**

**4) The clerk is to send notice of lawsuit and waiver of service forms to the defendants and set this case for hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.**

Entered this 28th day of February, 2011.


**\s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE